Case number 185186 K C v. Marshall Cnty argument not to exceed 15 minutes per side. Mr. Gilbert you may proceed for the appellant. Good morning. Good morning Judge. I'm Justin Gilbert from Well, it's up to me. That's right. If we need it, we'll have it. Your Honor, I represent a little boy with cerebral palsy who cannot speak and this case concerns an aide who can speak but did not about his abuse. And the facts are undisputed in the record and Judge Russell did a good job of presenting the facts that the little boy was put in timeout for hours at a time. He was screamed at in his face. His hair was yanked and he was slapped at least once or twice. The problem in the case is the aide watched it happen over and over and over and shockingly didn't think she had a legal duty to do it. Now she does have a legal duty of course and it's in their policies but in her mind her job was just to keep her kids that she was assigned to away from this teacher. And she testified that that's what she thought. I asked her in the deposition if she'd gotten any training about her duty. She said no. Who do you think had the responsibility? And she said she thought it was the teacher who did it. And this reminded me exactly of the 1998 cases of Farragher and Burlington where we went through what it means not just to engage in remedial measures but what it means to engage in preventive measures. And particularly in the Farragher case the Supreme Court talked about you have to train on that paper policy and you must also explain what it means to have a bypass provision. That is if the person doing the harassing is a person above you, you may have a duty to go around that person. And there's no dispute in this case that that did not occur. The legal issue is whether those agency standards from the Farragher and Burlington line of cases should apply or whether a Title IX standard from the Gebser line of cases should apply. Judge Russell applied the Title IX analysis so he really didn't grapple with the failed preventive measures. Our position is that the agency standards should apply and that Judge Moore's concurring opinion in the SS versus Eastern Kentucky case is right on point. Alright, so I mean to summarize it, you're arguing for vicarious liability and they're arguing for deliberate indifference? We say we went under each but we are arguing for the agency vicarious liability standard. Did you allege that in your complaint? Did I use the legal standard? I thought you just used deliberate indifference in your complaint. I think we did reference hostile educational environment. We may have also alleged deliberate indifference but regardless the legal... I think it's probably the first time you're doing it. I don't think so, Your Honor. I think the complaint fairly states forth that this is a harassment case in the schools. I don't think we have to... Well, I know but then it's whether the defendant was deliberately indifferent to the harassment conduct and therefore is liable. Not that they're liable because they're vicariously liable for their employees. It's a different theory. It's different claims, I thought. It's a different legal standard but the claim is one of harassment under the ADA and so we have pled the case under ADA. Okay, that might be the claim but the legal theory is vicarious liability, one, or deliberate indifference, the other, I think. I just see you pleading the deliberate indifference and not vicarious. Okay, you claim it. You might not have used the words in your complaint but that's the sum and substance of it. Right. In my mind under... That's your position, I guess. That's right. In my mind under Twombly, you set forth what happened and you say the claim is under the ADA. Twombly, you've got to be pretty specific as to the facts to allege a plausible cause of action. You just can't throw it in there and think that the judges are going to figure it out. I would say our complaint is specific, Your Honor. It specifically addresses the facts of the harassment, specifically cites hostile environment and it does cite ADA. And so we contend that Judge Moore's analysis which allows for the vicarious liability theory is absolutely correct. She didn't make that holding or suggest it. She says maybe someday we'll change it. I read it just the other day. Yes, that's right. She said that the deliberate indifference is one path and that she flags for another day that negligence may be another path. So she's kind of acknowledging that's not the law right now, right? She acknowledges that in that case the party stipulated that deliberate indifference was used and that's why she didn't reach it, but she flags it for a future case. This is a future case, but it's an open question. I agree, Your Honor. Yes. So does this panel have the right to change the, my understanding, I'm not a member of this court, is that a panel can't change a ruling by another panel, it has to be done on bond? Yes, Your Honor, that's my understanding of the rule as well, but the SS case, the SS case the party stipulated that it was deliberate indifference. The court didn't hold that that is the only means by which an ADA plaintiff can prevail. So you're saying that this is the case when we can address the issue flagged by Judge Moore because it's now before us in this case, you say? Yes, Your Honor, yes. And it wouldn't represent overruling any panel or anything of the court or addressing something that's not before us? No, not to my knowledge, which is precisely why Judge Moore flagged it, because it hasn't been addressed yet. So I've spoken about the preventive end of things. I would also like to address the remedial measures. I want to back up just a little bit because Judge Griffin had some questions about whether or not your complaint travels on a theory of vicarious liability. Assuming we don't find the vicarious liability theory in the complaint, although you argue that it is, do you, and we apply deliberate indifference, do you still prevail on the merits under deliberate indifference? We do. How? We do, Judge Donald, because we would say it's still deliberately indifferent for this board not to train its teachers to report child abuse on the front end. But then on the back end, once another parent advised my child's parent that he was being abused, the parents took the child out of the school and waited to see what would happen. And although some investigations were undertaken, my parents were never informed of the results. So they missed the rest of the school year, and even into the start of the next school year, they were not informed. And Judge Russell says he believes that was unreasonable. We would argue that is clearly unreasonable, which is a little bit more of a heightened standard for Title IX, which Your Honor is asking me. I mean, how can you possibly leave parents in the dark when their child has been abused by a teacher? Is that itself a violation of Title IX, failing to report the investigation timely or whatever you said there? I think we would have to show knowledge and deliberate indifference. Is it a duty to report the investigation timely or what you said there, that they should have done this, but is that a cause of action under federal law for not timely advising as to your investigation? I don't think it is. On page 32 of our brief, we've cited a number of cases where the parents were not informed of any results, and so that did become a tangible school action because the child is missing his education. And so, yes, that can be. Failing to report is missing the education? No, I don't think so. Failing to advise the parents of any remedial measures, leaving the parents in the dark, that can be deliberately indifferent. I want to clarify something. Are you arguing that the court ought to adopt the vicarious liability standard, or are you arguing that the evidence justifies liability under the deliberate indifference standard, or both? Both. You didn't raise the vicarious liability standard in the trial court. We believe we did, Your Honor. We cited to the Farragher standards in our summary judgment response. We briefed the deliberate indifference because that's what the defendant argued. But as I understand it, even if you don't think that was enough, the correct standard of review, the correct law to apply, can be raised in the Court of Appeals. But we believe we did address that sufficiently in our brief, Your Honor. I see my time is up. Thank you. And did you reserve rebuttal? I didn't write that. I did, Your Honor, five minutes. Oh, five minutes. Thank you very much. Good morning. My name is Cravens Priest, and I'm here on behalf of the Marshall County Board of Education. And it is our initial position, as the panel has noticed, that this question as to whether vicarious liability is the appropriate standard was not preserved for appeal. It was not even raised in the complaint. It was not raised in the response to motion for summary judgment. In fact, the plaintiffs referred on five pages throughout their response as to why deliberate indifference was the standard to be considered. There is absolutely no reference to vicarious liability in the complaint or in the response to motion for summary judgment. So the entire appeal fails solely upon that initial standard. Do we review it for plain error, then, or we just don't review it? Don't review it. It's not properly before this court, as in Mingus v. Butler. You can't raise an issue for the first time on appeal. In that case, the defendant tried to raise an affirmative defense that was actually raised in the complaint, but had not been argued in the motion for summary judgment. And they tried to raise that argument before the Court of Appeals, and the court said you cannot bring that again. It prevents, or you cannot bring it for the first time. It prevents the opportunity for review by the opposing party, and it gives the party which is appealing a chance to try to bring new arguments on appeal for the first time, evading appellate review for the other party. So that is our position, that the appeal should be dismissed solely because the basis for the appeal was not properly preserved. What about this failure to train argument? I'm sorry? What about the plaintiff's failure to train argument? Yes, sir, thank you. The facts in this case are under the law, even if there's a failure to train, you have to prove, since this is an ADA claim, that there was some connection between the failure to train and the alleged harassment. And it's our position that a negligence failure to train standard does not even apply in this case, because it is the deliberate indifference standard that applies. The failure to train is a negligence standard, and as the court recognized in Burlington that is cited by counsel, a negligence standard requires for an employer to be responsible. The negligence must be a cause of the harassment, and that means that the employer knew of the harassment and the employer failed to take action to stop the harassment. Let's go back to the facts of this case initially. The facts are that the parents withdrew Casey from school on April 29, 2016. The undisputed evidence is that nobody informed the school board of any alleged harassment until May 1, 2016. So any knowledge of the alleged harassment did not come to the board until after the student had been withdrawn. Any alleged failure to train has no connection to their cause of action under the ADA because it requires some connection between the alleged harassment and the negligence. The board cannot be negligent for anything it has no knowledge of. But does the school board's policies require and specify that employees of the school or whomever, when witnessing this kind of conduct, report it through a chain so that it can? Because I'm concerned that you're saying, well, we didn't get this. But is it because you don't have a mechanism in place for people to properly send this up? Because you can be perpetuating this, and anybody is concerned about where there's a possibility of harm to a child, especially a child in a fragile condition like this. So that seems to me to raise some questions about the failure to train issue and what the policies are that provide for you to get this information. Yes, Judge. It is important and it is concerning. And the aides did testify in this case that they were aware of the duty to report and that they had been trained on the duty to report. Both aides testified that they knew knowledge of how to report this alleged abuse. They simply did not. The first time they reported it was after the student withdrew from the school. And the district had no opportunity until that time to respond to the alleged harassment. And the applicable standard is the deliberate indifference standard. The negligent standard does not apply under the deliberate indifference standard. Okay. And I may be getting a little off here, but Mr. Gilbert mentions that at no time did the board reach out to the parents to provide them any information about the results of the information, any kind of changes that had been implemented proactively to provide for the safety of this child. So they were just left in the dark and the child didn't come back. Right. Address that. Yes, ma'am. And I understand that. So the board only learned of the harassment again after the student had been removed from school. The parents chose not to return the student to school. And that is a similar fact situation as in Soper v. Hoban that was before this court. And in that case, it was a similar case in that the teacher was disciplined and the parents chose to keep the parent. But did the parents have knowledge that the teacher or the aide or whomever had in fact been disciplined? Because you can understand that if a parent learns that this child is not in a safe environment, that the people who are supposed to provide for the safety and care of that child while he's there have failed in their duty and they don't know that anything has changed, why would they bring that child back in that environment and have that child potentially suffer that harm where the child cannot speak? So I'm asking, what did the board do to notify the parents that it is now safe to bring this child back, that we have put in place procedures that will ensure that child's safety? Well, the board in that instance was balancing the interest of the teacher and her rights under her discipline, which was appealed. She was appealing her removal from the classroom. So the board is having to balance the issues of the teacher's rights and the parents' rights as well. The parents still had the right and in fact the obligation to return the child to school. They never did that. Had they brought the child back to school, they would have learned that the teacher had been removed. And that's what the court in Soper v. Hoban addressed as well. They said that simply because there was a failure to communicate or there was no communication does not constitute a cause of action for negligence because there was still no connection between the failure to communicate and any discrimination of the student. There was no proof that the failure to communicate was based upon the student's disability. And that is what is required under an ADA claim. And it takes us back to the initial question, what is the appropriate standard? The standard is a deliberate indifference standard, not a negligence standard. And the deliberate indifference standard requires that the harassment be based on the disability. So therefore, they would have to prove that the board's decision not to communicate the removal of the teacher to the parents was based upon the student's disability. There's no evidence of that and that's a very high standard. And that's just one of the elements of deliberate indifference in this case. And that's what the court confirmed in Soper v. Hoban, that the failure to communicate to the parents of the change in the classroom setting must have been connected and based upon the student's disability, which it is not. And it's a heightened standard from a negligence standard. The other elements in this case that are missing under a deliberate indifference standard obviously are, number one, that the board knew about the harassment, and number two, that the board was deliberately indifferent after it became aware of the harassment. Well, the board cannot be deliberately indifferent of any harassment which occurred before it knew of the harassment. And the board cannot be deliberately indifferent for any abuse which occurred after its knowledge of the harassment because there was no further opportunity for alleged harassment because the student was no longer in school once the board learned of the alleged harassment. And that is the standard that was confirmed in Davis v. Monroe, which was adopted by SS v. EKU in the Sixth Circuit. And I believe Judge Donald, summary judgment came before you in McCoy v. Board of Education, which was a Title IX case, and it was a teacher-student harassment case. And sadly, the facts in that case were very egregious, and it involved harassment by a teacher of several students over a very long period of time. The district did learn of the harassment. The district investigated and responded. The board reprimanded the teacher for several years, and yet he continued to be employed. And then it finally went on to the extent that it went further, the teacher went much further to more egregious forms of sexual harassment and ultimately led to the termination. And in that case, Judge, you granted summary judgment on behalf of the Board of Education, finding that even under those fact situations, which are far more egregious than what's alleged in this case, that the board was not deliberately indifferent under those circumstances. So it's our position that the deliberate indifference standard is applicable to this case. This court has applied it in other Title IX cases, and it has applied it in ADA cases. And it has applied it in ADA cases involving alleged sexual harassment between a teacher and, unfortunately, a student. R.K. v. Board of Education, Hill v. Bradley Education are two other cases in which this court has applied the deliberate indifference standard beyond a student-student situation under the ADA. So it is clearly the standard that was at issue before the court on summary judgment, and it is appropriate in these cases, in this case as well. And the Gebser v. Lago case, which was referred as a Supreme Court case, which applied the deliberate indifference standard to a teacher-student harassment situation, as in this case. And in that case, the court expressly rejected the vicarious liability standard under such a situation, as well as a negligent standard, as being argued in this case. And I know you argue that the plaintiff did not assert the vicarious liability standard. But assume that we find that it was appropriately erased, perhaps even though the label was not used, can you still prevail on the merits? Yes, ma'am. So let's look at the Supreme Court's decision in Burlington that they cite and rely upon for vicarious liability. In order for there to be vicarious liability under that situation, there are three areas under which they could allege that, as stated in the court. First of all, for intentional torts. Burlington, let's remember, is an employer-employee situation. It is not a board-student situation. So that just shows us alone how difficult it is for them to prove these elements. So the ADA is an intentional discrimination statute, so it is an intentional tort. And the Supreme Court in Burlington said, for vicarious liability to apply in intentional torts, as under an ADA situation, there must be proof that the employee's acts furthered the employer's purpose. So then let's assume that his argument is that, number one, the teacher's acts of allegedly abusing the student are the basis for vicarious liability. It's impossible to prove that a teacher's acts in allegedly abusing a student furthered the purpose of the Board of Education to educate its students. Now let's look at the aides. Let's assume that they argue that the aides' failure to report the alleged abuse is the basis for vicarious liability. Under an intentional tort, like the ADA, they have to prove that that was in furtherance of the Board's purpose in educating the students. They can't prove that. The failure to report alleged harassment is not in furtherance of the Board's purpose of educating students. Farthest from it. The only other standards under which vicarious liability could impose liability on a district under this situation would be under negligence. And again, as the court confirmed in Burlington, in order for there to be negligence in a harassment situation by an employer for an employee's acts, there must be some causation of the harassment by the employer, the board, meaning the employer knew or should have known of the harassment and the board failed to stop it. Well, under these facts, the board acted immediately once it knew of the harassment. It stopped it. It removed the teacher from the classroom, prevented it from ever occurring again. So it's impossible for them to prove negligence as well under a vicarious liability standard. The third, as discussed in Burlington, was the hostile environment situation. And our hostile environment situation, again, it's hard to understand how that applies to a board student situation because that's when we're dealing with employers and employees. Again, emphasizing how unapplicable this is to the facts in this case. But in any event, let's assume that it is. In order to prove a hostile work environment, it has to show that the hostile environment was created by a supervisor of the employee. But there is an affirmative defense to the employer under a hostile work environment and that is that the employer exercised reasonable care to correct the known harassment. Again, going back to the issue as to when did the board know of this alleged harassment. Alright, Mr. Priest, you're out of time. If you want to just wrap it up. Yes, sir. Again, the board only learned of the alleged harassment after the student was removed from the school. And then Gentry v. Summit, which is a circuit case, also said in hostile work environment situations, the hostile environment for a disability situation must be based on the plaintiff's disability. And there's absolutely no evidence that any alleged harassment in this situation was based upon this student's disability. Any further questions? No. Thank you. Thank you, counsel. Alright, Mr. Gilbert, you've got rebuttal. Thank you, Your Honor. I do not understand my friend's arguments. Essentially he says, nobody told the school so we couldn't do anything. The reason nobody told the school is their aide kept silent and violated her duty under the policy. My child cannot speak. And so the failed preventive measures are extremely important. This board was deliberately indifferent or unreasonable under an agency standard. Either way, the board didn't teach the aide to report. She honestly thought that the teacher engaging in the abuse had the duty and that all she had to do was safeguard her few students. Now, on the issue of the affirmative defense that my friend raises under the Farragher and Burlington line of cases, the affirmative defense must show that there were both adequate preventive measures and adequate remedial measures. And we contend that neither was the case here. That takes me to the remedial measures. And again, the argument is who is supposed to speak to who. Nobody told the parents that the teacher had been removed. And so if you know, if you're a parent and you know from the aide that the child was being abused and you take your student out of school and you know it's being investigated, you're entitled to know what happened. What is the remedial measure? If you are left in the dark and you just stay out of school, one cannot say that that's an adequate remedial measure. So my point, respectfully, Your Honor, is the reason that there was no information communicated to the school for so long is the fault of the school. It's their failure to train, their deliberate indifference or their vicarious liability. Was there any type of duty on the part of the parents to inquire? I mean, was there an inquiry duty to call up the school and say what happened? Or can you ensure my child is going to be safe if I return the child to school? Perhaps so, Your Honor, in a case where they just took the child out of school and didn't communicate at all. But that wasn't the situation here. They had already met with the superintendent. The mom went in with two other mothers and the superintendent said, we will investigate and we will let you know. So under those facts, the parents were waiting. Last point I'd like to make. I'll confess I haven't looked at my complaint in some time, but I would be surprised if I didn't plead the facts of the harassment. And this is an ADA case, not a Title IX case. So I think I would have put in the cause of action, hostile environment, ADA claims. But even if I didn't, and I'm not an appellate expert, but as I read the case law, purely legal questions may be raised for the first time on appeal. And that's the Rybarczyk, R-Y-B-A-R-C-Z-Y-K case, 235 Ft. 3rd, 979. We would ask that this court find that a child in an educational institution who brings a hostile environment claim under the ADA can go under vicarious liability standards, just as Judge Moore believed in the SS case. But even if you can't, even if it's deliberate indifference, surely failure to train and aid such that child abuse goes on for a year and then leaving the parents in the dark after you do do an investigation allows me to get to the jury. Thank you, Your Honor. Questions? All right, thank you, counsel. Case is submitted. That concludes the cases on this morning's docket. You may adjourn the court.